# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS | § | |
| | § | CRIMINAL NO.   H-12-386-03 |
| | § | |
| JERMAINE MELVIN DAVIS | § | |

## PLEA AGREEMENT

The United States of America, by and through Kenneth Magidson, United States Attorney for the Southern District of Texas and Suzanne Elmilady and Mark Donnelly, Assistant United States Attorneys, and the defendant, Jermaine Melvin Davis, the defendant's counsel, Katherine Scardino, pursuant to Rule 11(c)(1)(A) and (B) of the Federal Rules of Criminal Procedure, state that they have entered into an agreement, the terms and conditions of which are as follows:

### The Defendant's Agreement

1.    The defendant agrees to plead guilty to Count One of the Criminal Information. Count One charges the defendant with Conspiracy to Commit a violation of Title 18 United States Code § 924 in violation Title 18, United States Code, Section 924(o). The defendant, by entering this plea agrees that he is waiving any right to have the facts that the law makes essential to the punishment either charged in the information, or proved to a jury or proven beyond a

reasonable doubt and is knowingly waiving the right to have those facts presented

to a jury. The defendant also agrees that the weapons in this case were used or

possessed, or possessed with knowledge or intent that the firearms would be used

or possessed, in connection with another offense, namely conspiracy to possess

with the intent to distribute 5 or more kilograms of cocaine and the defendant

agrees not to contest this issue at sentencing.

## Punishment Range

2.      The statutory penalty for a violation of <u>Title 18, United States Code,</u>

<u>Section 924(o)</u> is imprisonment for a maximum of up to twenty (20) years in

prison and a fine of not more than $250,000.00. Additionally, the defendant may

receive a term of supervised release after imprisonment of up to three (3) years.

Title 18, U.S.C. §§ 3559(a) and 3583(b)(2). Defendant acknowledges and

understands that if he should violate the conditions of any period of supervised

release which may be imposed as part of his sentence, then defendant may be

imprisoned without credit for time already served on the term of supervised

release prior to such violation. Title 18, U.S.C. §§ 3559(a) and 3583(b)(2).

Defendant understands that he cannot have the imposition or execution of the

sentence suspended, nor is he eligible for parole.

## Mandatory Special Assessment

3.     Pursuant to Title 18, U.S.C. § 3013(a)(2)(A), immediately after sentencing, defendant will pay to the Clerk of the United States District Court a special assessment in the amount of one hundred dollars ($100.00) per count of conviction.  The payment will be by cashier's check or money order payable to the Clerk of the United States District Court, c/o District Clerk's Office, P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

## Fine and Reimbursement

4.     Defendant understands that under the Sentencing Guidelines , the Court is permitted to order the defendant to pay a fine that is sufficient to reimburse the government for the costs of any imprisonment or term of supervised release; if any is ordered.

5.     Defendant agrees that any fine or restitution imposed by the Court will be due and payable immediately, and defendant will not attempt to avoid or delay payment.

6.     Defendant agrees to make complete financial disclosure by truthfully executing a sworn financial statement (Form OBD-500) prior to sentencing if he/she is requested to do so.  In the event that the Court imposes a fine or orders the payment of restitution as part of the Defendant's sentence, the Defendant shall

make complete financial disclosure by truthfully executing a sworn financial statement immediately following his sentencing.

## Waiver of Appeal

7.    Defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed.  The defendant agrees to waive the right to appeal the sentence imposed or the manner in which it was determined on any grounds set forth in Title 18 U.S.C. §3742, unless the sentence is imposed illegally.  Additionally, the defendant is aware that Title 28, U.S.C. § 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the conviction or sentence has become final.  The defendant waives the right to contest his conviction or sentence by  means of any post-conviction proceeding, unless such sentence is imposed illegally.  In the event the Defendant files a notice of appeal following the imposition of the sentence, the United States will assert its rights under this agreement and seek specific performance of this waiver.

In exchange for the Agreement with the United States, Defendant waives all defenses based on venue, speedy trial under the Constitution and Speedy Trial Act, and the statute of limitations with respect to any prosecution that is not time barred on the date that this Agreement is signed, in the event that (a) Defendant's conviction is later vacated for any reason, (b) Defendant violates any provision of

4

this Agreement, or (c) Defendant's plea is later withdrawn.

8.     In agreeing to these waivers, defendant is aware that a sentence has not yet been determined by the Court.  The defendant is also aware that any estimate of the possible sentencing range under the sentencing guidelines that he/she may have received from his counsel, the United States or the Probation Office, is a prediction, not a promise, did not induce his guilty plea, and is not binding on the United States, the Probation Office or the Court.  The United States does not make any promise or representation concerning what sentence the defendant will receive.  Defendant further understands and agrees that the United States Sentencing Guidelines are "effectively advisory" to the Court.  *United States v. Booker*, 125 S.Ct. 738 (2005).  Accordingly, Defendant understands that, although the Court must consult the Sentencing Guidelines and must take them into account when sentencing Defendant, the Court is not bound to follow the Sentencing Guidelines nor sentence Defendant within the calculated guideline range.

9.     The Defendant understands and agrees that each and all waivers contained in the Agreement are made in exchange for the concessions made by the United States in this plea agreement.

**The United States' Agreements**

10.   The United States agrees to each of the following:

(a)   At the time of sentencing, the United States agrees not to oppose defendant's anticipated request to the Court and the United States Probation Office that he receive a two (2) level downward adjustment pursuant to U.S.S.G. Section 3E1.1(a) should the defendant accept responsibility as contemplated by the Sentencing Guidelines;

(b)   If the defendant qualifies for an adjustment under U.S.S.G. Section 3E1.1(a), the United States agrees not to oppose the defendant's request for an additional one level departure based on the timeliness of the plea or the expeditious manner in which the defendant provided complete information regarding his role in the offense if the defendant's offense level is 16 or greater; and

(c)   If in the event the United States Government requests and receives substantial assistance from the Defendant, then the defendant may qualify for a 5K1.1 downward departure adjustment if he provides substantial assistance to the United States; in that situation, the United States will file a motion for downward departure at time of sentencing. The decision that the defendant qualifies for substantial assistance is in the sole discretion the United States Government to determine.

(d)   The United States agrees not to file any additional charges against the defendant arising out of this criminal transaction.

### United States' Non-Waiver of Appeal

11.   The United States reserves the right to carry out its responsibilities

under guidelines sentencing. Specifically, the United States reserves the right:

(a)   to bring its version of the facts of this case and relevant conduct, including its evidence file and any investigative files, to the attention of the Probation Office in connection with that office's preparation of

a presentence report;

(b)    to set forth or dispute sentencing factors or facts material to sentencing;

(c)    to seek resolution of such factors or facts in conference with defendant's counsel and the Probation Office; and,

(d)    to file a pleading relating to these issues, in accordance with U.S.S.G. Section 6A1.2 and Title 18, U.S.C.§ 3553(a).

## Sentence Determination

12.    Defendant is aware that the sentence will be imposed after consideration of the United States Sentencing Guidelines and Policy Statements, which are only advisory, as well as the provisions of Title 18, U.S.C. § 3553(a). Defendant nonetheless acknowledges and agrees that the Court has authority to impose any sentence up to and including the statutory maximum set for the offense(s) to which Defendant pleads guilty, and that the sentence to be imposed is within the sole discretion of the sentencing judge after the Court has consulted the applicable Sentencing Guidelines. Defendant understands and agrees the parties' positions regarding the application of the Sentencing Guidelines do not bind the Court and that the sentence imposed is within the discretion of the sentencing judge.  If the Court should impose any sentence up to the maximum established by statute, or should the Court order any or all of the sentences imposed to run

consecutively, Defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this plea agreement.

## Cooperation

13.    The parties understand this agreement carries the potential for a motion for departure under Section 5K1.1 of the Sentence Guidelines.  The defendant understands and agrees that whether such a motion is filed will be determined solely by the United States through the United States Attorney for the Southern District of Texas.  Should the defendant's cooperation, in the sole judgment and discretion of the United States, amount to "substantial assistance," the United States reserves the sole right to file a motion for departure pursuant to Section 5K1.1 of the Sentencing Guidelines and Policy Statement.  The defendant further agrees to persist in that plea through sentencing and to fully cooperate with the United States.  The defendant understands and agrees that the United States will request that sentencing be deferred until that cooperation is complete.

14.    The defendant understands and agrees that "fully cooperate" as used herein, includes providing all information relating to any criminal activity known to defendant. The defendant understands that such information includes both state and federal offenses arising therefrom.  In that regard:

(a)    Defendant agrees that this plea agreement binds only the United

States Attorney for the Southern District of Texas and defendant; it does not bind any other United States Attorney or any other unit of the Department of Justice;

(b)    Defendant agrees to testify truthfully as a witness before a grand jury, trial, and/or in any other judicial or administrative proceeding when called upon to do so by the United States. Defendant further agrees to waive his Fifth Amendment privilege against self-incrimination for the purpose of this agreement;

(c)    Defendant agrees to voluntarily attend any interviews and conferences as the United States may request;

(d)    Defendant agrees to provide truthful, complete and accurate information and testimony and understands any false statements made by the defendant to the Grand Jury or at any court proceeding (criminal or civil), or to a government agent or attorney can and will be prosecuted under the appropriate perjury, false statement or obstruction statutes;

(e)    Defendant agrees to provide to the United States all documents in his possession or under his control relating to all areas of inquiry and investigation.

(f)    Should the recommended departure, if any, not meet the defendant's expectations, the defendant understands he remains bound by the terms of this agreement and cannot, for that reason alone, withdraw his plea.

## Rights at Trial

15.   Defendant represents to the Court that he is satisfied that his attorney

has rendered effective assistance.  Defendant understands that by entering into this

agreement, he surrenders certain rights as provided in this plea agreement.

Defendant understands that the rights of a defendant include the following:

(a)   If defendant  persisted in a plea of not guilty to the charges,
defendant would have the right to a speedy jury trial with the
assistance of counsel.  The trial may be conducted by a judge sitting
without a jury if the defendant, the United States, and the court all
agree.

(b)   At a trial, the United States would be required to present witnesses
and other evidence against the defendant.   Defendant would have the
opportunity to confront those witnesses and his attorney would be
allowed to cross-examine them.  In turn, the defendant could, but
would not be required to, present witnesses and other evidence on his
own behalf.   If the witnesses for defendant would not appear
voluntarily, he could require their attendance through the subpoena
power of the court.

(c)   At a trial,  defendant could rely on a privilege against self-
incrimination and decline to testify, and no inference of guilt could be
drawn from such refusal to testify.  However, if the defendant desired
to do so, he could testify on his own behalf.

## Factual Basis for Guilty Plea

16.   Defendant is pleading guilty because he is guilty of the charges

contained in Count One of the Criminal Information.  If this case were to proceed

to trial, the United States could prove each element of the offense beyond a

reasonable doubt. The following facts, among others would be offered to establish the Defendant's guilt:

On March of 2012, Bobby Lee Ferrell had an introductory meeting with an undercover (UC) agent from the Bureau of Alcohol, Tobacco, and Firearms (ATF). During this meeting the UC posed as a disgruntled narcotics courier seeking help in robbing his employer's cocaine stash house of 20-35 kilograms of cocaine. It was agreed that the UC would be provided a ½ cut of the robbery proceeds. During the first meeting, Ferrell asked about people inside the house and the floor plan of the house. The UC explained that there were two armed guards in the stash house. Ferrell stated he had an experienced crew of 4 who could conduct this type of home-invasion robbery. UC met with the various crew members during three subsequent meetings for the planning stages; during these meetings the scenarios was explained and each codefendant willingly agreed to be part of this home invasion crew; all the meetings were recorded.

At the fourth meeting, on May 1, 2012, Ferrell along with David Reyna, **Jermaine Melvin Davis**, Lance Dixson, and Adrian Williams met with the UC for the purpose of executing the robbery plan. All members designated to make entry in to the cocaine stash house were dressed in black clothing. UC spoke to all crew members again and confirmed that they were all willing to commit the

robbery of at least 20 kilograms of cocaine.  Ferrell, Reyna, **Davis**, Williams, and

Dixson advised the UC collectively their plan to execute the robbery and what

each one of their assignments would be during the robbery on this day.   After this

final meeting, ATF Agents executed the arrests of the 5 suspects.  Firearms to be

used for the robbery were collectively brought to the location by the defendant and

co-conspirators, including a New England model Pardner 12-gauge shotgun, a

Springfield Armor .40 caliber pistol, a Kahr Arms .40 caliber pistol, a Smith and

Wesson, .38 caliber revolver and a Taurus .40 caliber pistol along with Zip-Ties,

ski masks, gloves and marijuana were all recovered.  The weapons in this case

were used or possessed, or possessed with knowledge or intent that the firearms

would be used or possessed, in connection with another offense, namely

conspiracy to possess with the intent to distribute 5 or more kilograms of cocaine

and the defendant agrees not to contest this issue at sentencing. Ferrell confirmed

his knowledge of their plan to commit a robbery of at least 20 kilos of cocaine and

that he recruited the members (while attempting to minimize his role by saying

Reyna was leader.)  Reyna stated he was recruited by Ferrell to commit the

robbery and that he borrowed the shotgun for this robbery.

### Breach of Plea Agreement

17.    If defendant should fail in any way to fulfill completely all of the

obligations under this plea agreement, the United States will be released from its obligations under the plea agreement, and the defendant's plea and sentence will stand. If at any time defendant retains, conceals or disposes of assets in violation of this plea agreement, or if defendant knowingly withholds evidence or is otherwise not completely truthful with the United States, then may move the Court to set aside the guilty plea and reinstate prosecution. Any information and documents that have been disclosed by defendant, whether prior to or subsequent to this plea agreement, and all leads derived therefrom, will be used against defendant in any prosecution.

18.    Whether the defendant has breached any provision of this plea agreement shall be determined solely by the United States through the United States Attorney's Office, whose judgment in that regard is final.

## Complete Agreement

19.    This written plea agreement, consisting of 15 pages, including the attached addendum of defendant and his attorney, constitutes the complete plea agreement between the United States, defendant and his counsel. No promises or representations have been made by the United States except as set forth in writing in this plea agreement. Defendant acknowledges that no threats have been made against him and that he is pleading guilty freely and voluntarily because he is

guilty.

20.    Any modification of this plea agreement must be in writing and signed by all parties.

Filed at Houston, Texas, on _____8/16_____ , 2012.

_____
Jermaine Melvin Davis
Defendant

Subscribed and sworn to before me on ___8-16-12_____ , 2012.

UNITED STATES DISTRICT CLERK

By:    _____
Deputy United States District Clerk

APPROVED:

KENNETH MAGIDSON
United States Attorney

By: _____
Suzanne Elmilady
Assistant United States Attorney
Southern District of Texas

_____
Katherine Scardino
Attorney for Defendant

14

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

UNITED STATES OF AMERICA     §
                             §
            VS               §
                             §    CRIMINAL NO.   H-12-386-02
                             §
JERMAINE MELVIN DAVIS        §

## PLEA AGREEMENT - ADDENDUM

I have fully explained to defendant his/her rights with respect to the pending Indictment. I have reviewed the provisions of the United States Sentencing Commission's <u>Guidelines Manual</u> and <u>Policy Statements</u> and I have fully and carefully explained to Defendant the provisions of those Guidelines which may apply in this case. I have also explained to Defendant that the Sentencing Guidelines are only advisory and the court may sentence Defendant up to the maximum allowed by statute per count of conviction. Further, I have carefully reviewed every part of this plea agreement with Defendant. To my knowledge, Defendant's decision to enter into this agreement is an informed and voluntary one.

_____        _8-16-12_____
Katherine Scardino                       Date
Attorney for Defendant

I have consulted with my attorney and fully understand all my rights with respect to the Indictment pending against me. My attorney has fully explained and I understand all my rights with respect to the provisions of the United States Sentencing Commission's <u>Guidelines Manual</u> which may apply in my case. I have read and carefully reviewed every part of this plea agreement with my attorney. I understand this agreement and I voluntarily agree to its terms.

_____        _8-16-12_____
Jermaine Melvin Davis                    Date
Defendant

15