UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § § | |
| VS. § § | CRIMINAL NO. H-12-386-03 |
| JERMAINE MELVIN DAVIS § | |

## MOTION FOR REDUCTION SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2) AND AMENDMENT 782

COMES Defendant, JERMAINE MELVIN DAVIS ("Davis"), appearing *Pro Se,* and in support of this motion would show as follows:

### I. JURISDICTION

"The district court's jurisdiction to correct or modify a defendant's sentence is limited to those specific circumstances enumerated by Congress in 18 U.S.C. § 3582." *United States v. Williams,* 609 F.3d 368 (5th. Cir. 2010). The scope of a proceeding under 18 U.S.C. § 3582(c)(2) in cases like this one is extremely limited. *Dillon v. United States,* 130 S.Ct. 2683, 2687(2010). It is black-letter law that a federal court generally "may not modify a term of imprisonment once it has been imposed." *Id.* However, Congress has allowed an exception to that rule "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); see also, *Freeman v. United States,* 131 S.Ct. 2685(2011) (reciting standard for sentence modifications). Such defendants are entitled to move for retroactive modification of their sentences. *Dillon,* 130 S.Ct. at 2690–91.

## II. STATEMENT OF THE CASE

### A. Procedural Background

On June 22, 2012, JERMAINE MELVIN DAVIS ("Davis") was charged in a one count criminal Information in this case. See Doc. 40.[1] Count One charged Davis along with four (4) other alleged co-conspirators with Conspiracy to Commit a drug trafficking crime while possessing a firearm, in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A) & 18 U.S.C. §924(o). *Id.* The Information also contained a Notice of Criminal Forfeiture to the defendants pursuant to 21 U.S.C. § 853 & 18 U.S.C. § 924, for any property, real or personal that constitutes or is derived, directly or indirectly from proceeds traceable to the commission of the offenses charged, including but not limited to, real estate, automobiles, which if not located, other property owned by the defendants. *Id.*

On August 16, 2012, a Rearraignment was held and Davis entered a plea of guilty to Count One of the Criminal Information pursuant to a written Plea Agreement. Docs. 83 & 86.

On February 15, 2013, Davis was sentenced to 188 months imprisonment, 3 years of Supervised Release, no restitution or fine and a Mandatory Special Assessment Fee of $100. Doc. 145.

On April 22, 2013, Davis timely filed a Notice of Appeal. Doc. 148.

On July 5, 2013, Davis's appellate attorney, Robert M. Rosenberg ("Rosenberg"), filed an *Ander's* Brief in his appeal. Davis was not informed prior to the filing of said brief that his attorney

---

[1] "Doc" refers to the Docket Report in the U. S. District Court for the Southern District of Texas, Houston Division, Criminal No. 4:12-CR-386-3, which is immediately followed by the Docket Entry number. "PSR" refers to the Presentence Report in the above referenced case, which is immediately followed by the paragraph ("¶") number. "RH" refers to the Rearraignment Hearing Transcript, which is immediately followed by the page number. "ST" refers to the Sentencing Hearing Transcript, which is immediately followed by the page number.

was filing an *Anders* Brief. Rosenberg contemporaneously filed a Motion to Withdraw as counsel.

On December 13, 2013, Davis filed a *Pro Se* Response in Opposition to the Ander's Brief filed by Rosenberg.

On June 4, 2014, Rosenberg's Motion to Withdraw as Counsel was granted by the Court.

On June 5, 2014, the Court appointed Jarmon to represent Davis on appeal.

On July 21, 2014, Jarmon filed an *Anders* Brief and a Motion to Withdraw as Counsel with the Court.

**B.    Statement of the Relevant Facts**

    1.    Offense Conduct

The facts in this case are taken from pages 11 and 12 of the Plea Agreement, entered on March of 2012, which Davis stipulated to at his counsel's advice as follows: Co-defendant, Bobby Lee Ferrell ("Ferrell"), had an introductory meeting with an undercover agent with the Bureau of Alcohol, Tobacco and Firearms. During this meeting, the agent posed as a disgruntled narcotics courier seeking help in robbing his employer's cocaine stash house. The agent met with various crew members, including this Ferrell, Davis during three subsequent meetings for the planning stages. During these meetings, the scenarios were explained fully and each co-defendant willingly agreed to be part of this home invasion crew. All these meetings were allegedly recorded.

At the fourth and final meeting that occurred on May 1st of 2012, Davis allegedly met with the agent and his co-defendants for the purpose of executing a robbery plan. At this final meeting, ATF agents executed Davis's arrest and of his alleged co-defendants. Firearms to allegedly be used for the robbery were collectively brought to the location by Davis and his co-conspirators. These firearms included a New England model Pardner 12-gauge shotgun, a Springfield Armor .40 caliber

pistol, a Kahr Arms .40 caliber pistol --A Smith & Wesson .38 caliber revolver, and a .40 caliber Taurus pistol, along with zip ties, ski masks, gloves, and some marijuana were also recovered.

The weapons in this case were used and possessed allegedly with the knowledge or intent that the firearms were to be used in connection with the alleged conspiracy to possess with the intent to distribute 5 kilograms of cocaine.

2. Rearraignment Proceedings

On August 16, 2012, Davis waived his right to prosecution by Indictment. See Doc. 84. On that date, Davis appeared at a Rearraignment with counsel before U.S. District Judge David Hittner and, pursuant to a written Plea Agreement made Rule 11( c)(1)(A) and (B), entered a plea of guilty to Count One of the criminal Information. See Doc. 83. The plea was entered pursuant to Rule 11(c)(1)(A) and (c)(1)(B) of the Federal Rules of Criminal Procedure. See Doc. 86. Davis allegedly agreed that the weapons in this case were used or possessed, or that the weapons were possessed with knowledge or intent that the firearms were to be used or possessed in connection with another offense, namely conspiracy to possess with the intent to distribute five (5) or more kilograms of cocaine. *Id.* Davis agreed upon counsel's advice not to contest the issues related to drugs, intent, or the weapon at sentencing. The government agreed not to oppose Davis's request for a United States Sentencing Guideline ("USSG") § 3E1.1(a) two point downward reduction for acceptance of responsibility, and a one point downward departure based on timeliness of the guilty plea. *Id.* The government further agreed that no additional charges would be filed, and that if Davis provided substantial assistance, as to be determined solely by the prosecution, it would consider moving for a reduction in whatever sentence the trial court imposed. *Id.*

In addition to executing the August 16, 2012 plea agreement, on that date Davis and his trial counsel, Katherine Scardino ("Scardino"), both executed an addendum to the plea agreement upon advice of his attorney. In the addendum, Scardino represented to the district court that she had fully explained the nature of the government's charges against Davis, the meaning and nature of the entire plea agreement, and that she believed that he fully understood the nature and terms of the agreement.

On August 16, 2012, Davis, upon advice of Scardino, attested to the facts that he fully understood the terms and conditions of the plea agreement after having consulted with Scardino. Davis, upon advice of Scardino, represented to the district court that he fully understood the consequences of the plea agreement, including the fact that the agreement contained a waiver of any post-conviction challenges to both his conviction and any sentence that would ultimately be imposed. Davis stated that he understood the terms of the agreement and the waiver and was entering the agreement on advice of counsel. Doc. 197.

On August 16, 2012, the district court Ordered the probation office to prepare a PSR. Doc. 87.

### 3. Presentence Report Calculations

On January 10, 2013, the PSR was issued. See PSR, page 1. The PSR writer used the 2012 version of the United States Guideline Manual in calculating Davis's recommended advisory Guideline. He calculated a Base Offense Level of 34 for twenty (20) kilograms of cocaine pursuant to USSG § 2D1.1(c)(3). See PSR ¶ 37. Because the offense involved possession of firearms, the PSR increased Davis's offense level by two (2) levels, pursuant to USSG § 2D1.1(b)(1). See PSR ¶ 38. The PSR recommended a three (3) offense level reduction for acceptance of responsibility pursuant to USSG § 3E1.1(a) & (b). See PSR ¶ 43. The PSR writer recommended a Total Offense

Level of 33. See PSR ¶ 46. The PSR calculated Davis's Criminal History Category to be IV. See PSR ¶ 53. Based on a Total Offense Level of 33 and a Criminal History Category of IV, the PSR writer calculated a Guideline range of 188 to 235 months imprisonment. See PSR ¶ 74.

Prior to sentencing, Davis filed objections to the PSR. Doc. 116. He objected to the PSR's characterization of him being an average participant in the conspiracy. In this objection, Davis stated that he was not part of the original group contacted by the agents and he was not a planner. He further stated was not in possession of any weapons upon arrest for this offense, nor was he to go inside the nonexistent stash house. Further, the Federal agent testified at the Detention Hearing that he was unaware of Davis' role in this crime. *Id.* at 3. As such, Davis claimed that he should be given a minimal role in the offense.

Davis also objected to the two (2) offense level increase for possession of firearms. *Id.* In this objection, Davis stated that he knew the co-defendants either had weapons or were getting weapons. However, he never had a weapon in his personal possession at any time during the time prior to his arrest nor was he in possession of any weapon at the time of his arrest. He objected to the 2 points added to his Offense Level Computation for the alleged possession of firearms.

Davis finally objected to the PSR holding him accountable for 20 kilograms of cocaine. See PSR ¶ 37. He stated that he should not be responsible for more than 5 kilograms since there were no drugs in existence and he was a minimal participant in this conspiracy. This is the minimum amount in accordance with the written Plea Agreement reached in this case. Doc. 116 at 5.

Davis also objected to an item which was not included in the PSR, i.e. Attempted Conspiracy Not Included. *Id.* at 7. Davis stated that the PSR should include the above referenced additional item in the Specific Offense Guideline (see USSG § 2X1.1). Davis's contention was that 2X1.1(b)(2)

applies in his set of circumstances since all necessary acts for a successful completion were not done nor were the conspirators about to complete all such acts prior to arrest. Based on this objection, Davis's offense level should have been by three (3) levels. *Id.*

Davis also objected to the PSR writers calculation of his Criminal History Category. *Id.* at 7. In the PSR, Davis is given one point for each criminal conviction under PSR ¶¶ 49, 50, 51 and 52. Because the prior misdemeanor offenses listed in PSR ¶¶51 and 52 were plead together, at the same time and date, and the judge sentenced him to a concurrent sentence. Thus, these two prior offenses should only receive one additional point, as opposed to one additional point for each offense listed. See USSG § 4A1.1(c). *Id.* at 7-8. This would lower Davis's criminal history points to six (6) and place him in Criminal History Category III. *Id.* at 8.

With the above referenced objections, Davis's Total Offense Level would have been 22 in Criminal History Category III yielding an advisory Guideline range of 51 to 63 months imprisonment. Davis did not file a motion seeking a downward departure from the sentencing guidelines.

The government did not file any objections to the PSR. See Doc. 125.

4.  Sentencing Proceeding

At sentencing, on February 15, 2013, the District Court overruled all of Davis's objections to the PSR and adopted the PSR and its addendums as its own. See ST at 5. The District Court stated that the problem was Davis's criminal history. As such, Davis was sentenced to 188 months imprisonment, the low end of the advisory Guideline range, three (3) years of Supervised Released, no restitution or fine and a Mandatory Special Assessment Fee of $100.00.

7

Davis timely filed a Notice of Appeal and a Motion for Appointment of Counsel on February 22, 2013. Doc. 148. Rosenberg was appointed to represent Davis on February 27, 2013. No Docket Entry.

On July 5, 2013, Rosenberg filed an *Ander's* Brief in his appeal. Davis was not informed prior to the filing of said brief that his attorney was filing an *Ander's* Brief. Rosenberg contemporaneously filed a Motion to Withdraw as appellate counsel.

On December 13, 2013, Davis filed a *Pro Se* Response in Opposition to the Ander's Brief filed by Rosenberg.

On June 4, 2014, Rosenberg's Motion to Withdraw as Counsel was granted by the Court.

On June 5, 2014, the Court appointed Yolanda Evette Jarmon ("Jarmon") to represent Davis on appeal. On July 21, 2014, Jarmon filed an *Ander's* Brief and a Motion to Withdraw with the Court.

On August 22, 2014, Davis filed a Pro Se Response to the *Anders* Brief.

On December 1, 2014, the Fifth Circuit dismissed Davis's appeal and granted Jarmon's Motion to Withdraw.

### III. DISCUSSION

As a preliminary matter, Davis respectfully requests that this Court be mindful that courts have a duty to construe *pro se* motions liberally. See *Sama v. Hannigan*, 669 F.3d 585 (5th Cir. 2012); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); and *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

#### A. Amendment 782 of the United States Sentencing Guidelines

In April of 2014, the U.S. Sentencing Commission voted to lower the federal drug sentencing guidelines by two (2) levels and sent USSG Amendment 782 to Congress which became

effective on November 1, 2014. The Commission then considered whether to make this relief retroactive to current prisoners who have already been sentenced. On July 18, 2014, the Commission voted for full retroactivity of USSG Amendment 782.

### B. Modification of Sentence pursuant to 18 U.S.C. § 3582(c)(2)

"In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guidelines provisions that were applied when the defendant was sentenced, and shall leave all other guideline application decisions unaffected." U.S.S.G. § 1B1.10(b)(1).

After the district court determines what the modified sentence would be, the district court is required to consider any applicable factors under 18 U.S.C. § 3553 in deciding whether a sentence modification is "warranted in whole or in part under the particular circumstances of the case." *Dillon*, 130 S.Ct. at 2692. "Because reference to § 3553 is appropriate only at the second step of this circumscribed inquiry, it cannot serve to transform the proceedings under § 3582(c)(2) into preliminary re-sentencing proceedings." *Id.* Thus, even if Davis qualifies for sentence modification under the first step of the analysis, the decision whether to ultimately grant a modification is left to the sound discretion of the trial court. See *Dillon*, 130 S.Ct. at 2692.

Applying those principles to this case, Davis's Base Offense Level of 34 would be reduced to level 32 under Amendment 782. A Total Offense Level of 31 in Criminal History Category IV yielding an advisory Guideline range of 151 to 188 months imprisonment. prays that the Court sentence him to 151 months imprisonment, the bottom of the Guideline range. This would be a reduction of 37 months, a significantly less harsh sentence.

It is essential to also note that since Davis's incarceration began, he has taken numerous steps to attempt to improve himself in post-conviction rehabilitation. This effort and its obvious achievements should be welcome news to this Honorable Court due to the fact that he has taken continuous strides to prepare himself for reentry back into society to be a law abiding citizen. He has attached various Exhibits as evidence of his efforts for "post-conviction rehabilitation."

Based on the above, Davis meets all of the qualifications for those eligible for relief under USSG Amendment 782, and he is not a Public Safety Factor. His behavior in prison has been exemplary and it is a factor that should be considered by the Court.

## IV. CONCLUSION

WHEREFORE, Davis prays that this motion be, in all things, granted and that the Court reduce his Total Offense Level by two (2) levels in accordance with All Drugs Minus Two USSG Amendment 782. In the alternative, Davis respectfully requests the appointment of competent counsel by the Court and/or any other relief to which the Court deems him to be entitled.

Respectfully,

~~February~~ March 9, 2015

JERMAINE MELVIN DAVIS
Reg. No. 72049-279
USP COLEMAN I
U.S. PENITENTIARY
P.O. BOX 1033
COLEMAN, FL 33521
Appearing *Pro Se*

## V. CERTIFICATE OF SERVICE

I hereby certify that on ~~February~~ March 9, 2015, a true and correct copy of the above and foregoing Motion for Reduction Sentence Pursuant to 18 U.S.C § 3582(c)(2) and Amendment 782 was sent to Ms. Suzanne Elmilady, Assistant U. S. Attorney, United States Attorney's Office at 1000 Louisiana Street, Suite 2300, Houston, TX 77002.

*/s/ JERMAINE MELVIN DAVIS*